UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
HELEN SWARTZ,                                                           :
                                                                        :
                                    Plaintiff,                          :        22-CV-5169 (JMF)
                                                                        :
                    -v-                                                 :        ORDER OF DISMISSAL
                                                                        :
120-122 WATER STREET LLC,                                               :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to comply with court orders and failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251.  In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, the Court ordered Plaintiff to file any Motion for Default Judgment by September 20, 2022.  ECF No. 9.  Plaintiff filed what was styled as a Motion for Default Judgment on September 19, 2022, ECF No. 11, but the Court denied that motion without prejudice because it was actually a request for a certificate of default, ECF No. 12.  The Court extended Plaintiff's deadline to file a motion for default judgment until September 23, 2022, and warned Plaintiff that any failure to file a proper motion could result in dismissal without further notice.  ECF No. 16.  Plaintiff then filed a Request for a Certificate of Default and Affidavit in Support on September 21, 2022.  ECF Nos. 21, 22.  To date, Plaintiff has not filed a proper motion for default judgment, nor has Plaintiff provided any explanation for her delay.

In light of Plaintiff's repeated failure to comply with this Court's orders, dismissal of the case is warranted.  Accordingly, it is hereby ORDERED that the case is dismissed with prejudice for failure to comply with Court orders.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: September 29, 2022
       New York, New York

_____
JESSE M. FURMAN
United States District Judge